UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABIGAIL E. WRINN,                :    CIVIL ACTION NO.

    Plaintiff,

v.                               :    **05 11393 NMG**

DEAN F. STANLEY and
CARTWHEELS, INC.,

    Defendants.                  :    June 30, 2005

**COMPLAINT**

RECEIPT # 65331
AMOUNT $ 250.00
SUMMONS ISSUED 2
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 7/1/2005

MAGISTRATE JUDGE MBB

## I. PRELIMINARY STATEMENT

This is an action for damages and other relief arising out of the employment of the plaintiff, Abigail Wrinn by the defendant, Cartwheels, Inc., and the defendant, Dean F. Stanley. The claims include unlawful discrimination, assault and battery, false imprisonment, negligence and intentional/negligent infliction of emotional distress.

## II. NATURE OF ACTION

This action for damages and other relief arises under Massachusetts General Laws Chapter 12, Section 11I, Chapter 151B and the state common law.

## III. JURISDICTION

This Court's jurisdiction is invoked pursuant to Title 28 U.S.C. §1332. The amount in controversy exceeds Seventy-Five thousand (75,000) Dollars, excluding interests and costs.

## IV. PARTIES

1. During all times material to this complaint, the plaintiff, ABIGAIL E. WRINN, was a citizen of the United States, and resident of the State of Connecticut.

2. At all times relevant to the complaint, the defendant, DEAN F. STANLEY ("Stanley"), was a citizen of the United States of America and a resident of the State of Massachusetts.

3. At all times relevant to the complaint, the defendant, CARTWHEELS, INC. ("Cartwheels"), is a corporation incorporated under the laws of the State of Massachusetts.

## V. STATEMENT OF FACTS

4. In June of 2002, the plaintiff was hired by the defendant, Cartwheels, to work at its soft serve ice cream shop, go-cart and batting cage facility at 311 South Gages Way, South Dennis, Massachusetts.

5. At all relevant times, the defendant Stanley was the owner, operator and president of the defendant Cartwheels.

6. On or about July 3, 2002, the plaintiff was present at the facility when the defendant asked the plaintiff if she would like to try the laser tag game which was temporarily on the facility site.

7. The plaintiff and the defendant Stanley entered the tent which was used for the laser tag game.

8. Upon entering the tent, the plaintiff and the defendant Stanley were alone.

9. Once the plaintiff and the defendant Stanley were alone, the defendant Stanley without permission, consent or any encouragement from the plaintiff grabbed the plaintiff and began to kiss her and touch her breasts with his hands.

10. The defendant Stanley then put his hand up the short pants of the plaintiff and touched her in the vaginal area.

11. The defendant Stanley then exposed his penis to the plaintiff and had the plaintiff touch his penis.

12. The defendant's conduct was all done without the consent, encouragement or permission of the plaintiff.

13. Once the laser tag game ended, the defendant Stanley stopped touching the plaintiff, who then walked out of the tent.

14. The plaintiff left the facility and immediately drove home. She told her parents what had happened. She reported the incident to the police.

15. The plaintiff never returned to work at the defendant Cartwheels because of the defendant Stanley's conduct.

## VI. CAUSES OF ACTION

FIRST COUNT:    Violation of M.G.L. c. 151B, Section 1(18) (a) (Quid Pro Quo Harassment)

16. The plaintiff was forced to terminate her employment with Cartwheels as a result of her submission to/rejection of Stanley's sexual advances.

17. She is a member of a protected class.

18. Stanley's sexual advances were unwelcome.

19. Stanley's advances were sexually motivated.

20. The plaintiff's reaction to the harassment affected a tangible aspect of her employment.

21. The harassment was undertaken by one of the employer's supervisors, namely Stanley.

SECOND COUNT: Violation M.G.L. c. 151B, Section 1(18)(b) (Hostile Work Environment)

22. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

23. The plaintiff was subjected to a hostile work environment in that she was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature.

24. The advances were unwelcome.

25. The conduct was sufficiently severe or pervasive to cause the work environment to become hostile, intimidating, or humiliating to an objectively reasonable person in the plaintiff's position.

26. This conduct affected her job performance or altered the conditions of her employment.

THIRD COUNT: Assault and Battery

27. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

28. Stanley engaged in a deliberate show of force.

29. Stanley's conduct put the plaintiff in reasonable apprehension of immediate harm or offensive contact.

30. Stanley intentionally touched, fondled, manipulated, or otherwise engaged in offensive sexual contact with the plaintiff.

31. This touching was done without plaintiff's consent, either express or implied.

FOURTH COUNT: Intentional Infliction of Emotional Distress

32. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

33. Stanley by his actions intentionally and recklessly caused infliction of emotional distress when he sexually assaulted the plaintiff.

34. Stanley intended to inflict emotional distress or he knew or should have known that emotional distress was likely to result from his conduct.

35. Stanley's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community.

36. Stanley's conduct caused the plaintiff's emotional distress, and

37. The emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

FIFTH COUNT: False Imprisonment

38. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

39. Stanley unlawfully confined the plaintiff, directly or indirectly.

40. Stanley intentionally confined the plaintiff.

41. The plaintiff was either conscious of the confinement or harmed by the confinement.

SIXTH COUNT: Negligence

42. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

43. At all relevant times, defendants Stanley and Cartwheels, Inc. owed plaintiff a duty of reasonable care.

44. The defendants breached their duty to the plaintiff and were negligent in that the defendant Stanley without permission,

consent or any encouragement from the plaintiff grabbed the plaintiff and began to kiss her and touch her breasts with his hands. The defendant Stanley then put his hand up the short pants of the plaintiff and touched her in the vaginal area. The defendant Stanley then exposed his penis to the plaintiff and had the plaintiff touch his penis.

45. As a direct and proximate result of the defendants' negligent acts and omissions, the plaintiff suffered injuries and damages.

SEVENTH COUNT: Negligent Infliction of Emotional Distress

46. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

47. At all relevant times, the defendant Stanley, owed the plaintiff a duty of reasonable care.

48. Stanley breached his duty to the plaintiff by engaging in conduct which he knew or should have known would cause the plaintiff to suffer severe emotional distress, in that without permission, consent or any encouragement from the plaintiff, he grabbed the plaintiff and began to kiss her and touch her breasts with his hands. The defendant Stanley then put his hand up the short pants of the plaintiff and touched her in the vaginal area. The defendant Stanley then exposed his penis to the plaintiff and had the plaintiff touch his penis.

49. As a direct and proximate result of the defendant's conduct as described herein, the plaintiff suffered severe emotional distress.

    EIGHTH COUNT: Violation of the Massachusetts
           Civil Rights Act, M.G.L. c. 12,
           Section 11I.

50. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

51. Plaintiff's right to be free from discrimination and sexual harassment was secured under either Federal law or a law of the Commonwealth of Massachusetts.

52. Plaintiff's right was interfered with by a threat, intimidation or coercion of defendant Stanley.

    NINTH COUNT:  Agency: Respondeat Superior

53. Plaintiff realleges and incorporates by reference all previous allegations made in this complaint.

54. At all relevant times and in all acts and omissions described herein, defendant Stanley was the employee and agent of the defendant Cartwheels, Inc. acting within the scope of his agency.

55. Stanley's acts and omissions are imputed to Cartwheels, Inc., by respondeat superior, and Cartwheels, Inc. is liable as

principal for all injuries and damages to plaintiff resulting from Stanley's conduct.

WHEREFORE, the plaintiff claims judgment against the defendants as follows:

a. Compensatory damages against the defendants and each of them, jointly and severally;

b. Punitive damages against the defendants pursuant to federal and state law;

c. Attorney's fees pursuant to M.G.L. c. 12, Sec. 11I and M.G.L. c. 151B.

d. All lawful costs and interests;

e. Such other relief as this court shall consider to be fair and equitable against all defendants in all capacities; and

f. A trial by jury is requested.

RESPECTFULLY SUBMITTED,<br>
ABIGAIL E. WRINN, PLAINTIFF,<br><br>
By: _____<br>
David J. Wenc, Her Attorney<br>
WENC LAW OFFICES<br>
44 Main Street<br>
P.O. Box 306<br>
Windsor Locks, CT 06096<br>
(860) 623-1195<br>
BBO#549400

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Abigail Wrinn, 43 Thomas Street, Windsor Locks, CT 06096

## DEFENDANTS
Dean F. Stanley, 359 Captain Lijah's Rd., Centerville, MA 02632
Cartwheels, Inc. 359 Captain Lijah's Rd., Centerville, MA 02632

(b) County of Residence of First Listed Plaintiff: **Hartford, CT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Barnstable**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Atty. David J. Wenc, 44 Main St., POB 306, Windsor Locks, CT 06096

Attorneys (If Known)

**05 11393 NMG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
diversity jurisdiction in sexual assault case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 06/30/2005

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Abigail Wrinn v. Dean F. Stanley, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05-11393 NMG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Attorney David J. Wenc
ADDRESS   44 Main Street, POB 306, Windsor Locks, CT 06096
TELEPHONE NO.   (860)623-1195

(CategoryForm.wpd - 5/2/05)