## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIGAIL E. WRINN )<br>          Plaintiff )<br>)<br>v. )<br>)<br>)<br>DEAN F. STANLEY and )<br>CARTWHEELS, INC. )<br>          Defendants )<br>) | CIVIL ACTION NO.<br>05-11393-NMG |

## DEFENDANTS' ANSWER

Defendants, Dean F. Stanley and Cartwheels, Inc., hereby answer the complaint as follows:

## I.  PRELIMINARY STATEMENT

I.      The PRELIMINARY STATEMENT is a characterization and legal conclusion as to the nature of the action and claims, and as such, it does not require an answer.

## II.  NATURE OF ACTION

II.      Defendants admit that this action purports to arise under M.G.L. c. 12, § 11I; M.G.L. c. 151B and the state common law.

## III.  JURISDICTION

III.      Defendants admit that plaintiff purports to invoke the jurisdiction

of this Court pursuant to Title 28 U.S.C. § 1332. Defendants deny that the amount in controversy exceeds Seventy-Five Thousand (75,000) Dollars, excluding interest and costs.

## IV.  PARTIES

1.    Defendants admit the allegations of paragraph 1 of Section IV of the complaint.

2.    Defendants admit the allegations of paragraph 2 of Section IV of the complaint.

3.    Defendants admit the allegations of paragraph 3 of Section IV of the complaint, except they say that corporate defendant Cartwheels, Inc. has been dissolved within the past three years.

## V.  STATEMENT OF FACTS

4.    Defendants admit the allegations of paragraph 4 of Section V of the complaint.

5.    Defendants admit the allegations of paragraph 5 of Section V of the complaint.

6.    Defendants admit the allegations of paragraph 6 of Section V of the complaint.

7.    Defendants admit the allegations of paragraph 7 of Section V of the complaint.

8.   Defendants admit the allegation of paragraph 8 of Section V of the complaint that inside the tent, the plaintiff and the defendant Stanley were alone.

9.   Defendants admit that while the plaintiff and the defendant Stanley were alone, the physical contact between them alleged in the last line of paragraph 9 of Section V of the complaint occurred, but the defendants deny the remaining allegations of said paragraph and say that such physical contact occurred with permission, consent and encouragement from the plaintiff.

10.   Defendants admit that while the plaintiff and the defendant Stanley were alone, the physical contact between them alleged in paragraph 10 of Section V of the complaint occurred and say that such physical contact occurred with permission, consent and encouragement from the plaintiff.

11.   Defendants deny the allegations of paragraph 11 of Section V of the complaint and say that the plaintiff, in the voluntary exercise of her own free will initiated and performed the exposing and touching alleged in said paragraph.

12.   Defendants deny the allegations of paragraph 12 of Section V of the complaint.

13.     Defendants deny the allegations of paragraph 13 of Section V of the complaint and say that the plaintiff and the defendant Stanley participated in two laser tag games; that the physical contact between them referred to above in the answers to paragraphs 9, 10 and 11 of Section V of the complaint, began and ended after the first laser tag game; that when it ended, the plaintiff and the defendant Stanley agreed that they should leave the tent, and that they did so.

14.     Defendants deny the allegations of the first sentence of paragraph 14 of Section V of the complaint.  Defendants admit the remaining allegations of said paragraph, except they deny that the plaintiff told her parents or the police the truth.

15.     Defendants admit the allegations of paragraph 15 of Section V of the complaint, except they deny that the plaintiff's failure to return to work at the defendant Cartwheels was because of the defendant Stanley's conduct.

## VI.  CAUSES OF ACTION

**FIRST COUNT:**     Violation of M.G.L. c. 151B § 1(18) (a)

16.     Defendants deny the allegations of paragraph 16 of the FIRST COUNT of the complaint.

17.     Defendants deny the allegations of paragraph 17 of the FIRST COUNT of the complaint.

4

18.    Defendants deny the allegations of paragraph 18 of the FIRST
COUNT of the complaint.

19.    Defendants deny the allegations of paragraph 19 of the FIRST
COUNT of the complaint, except they admit that the physical contact between
the plaintiff and the defendant Stanley referred to above in the answers to the
allegations of paragraphs 9, 10 and 11 of Section V of the complaint, had a
sexual component with permission, consent and encouragement from the
plaintiff.

20.    Defendants deny the allegations of paragraph 20 of the FIRST
COUNT  of the complaint.

21.    Defendants deny the allegations of paragraph 21 of the FIRST
COUNT of the complaint.

**SECOND COUNT:**    Violation of M.G.L. c. 151B § 1(18)(b)

22.    Defendants reallege and incorporate by reference all their previous
answers to allegations made in the complaint.

23.    Defendants deny the allegations of paragraph 23 of the SECOND
COUNT of the complaint.

24.    Defendants deny the allegations of paragraph 24 of the SECOND
COUNT of the complaint.

25.    Defendants deny the allegations of paragraph 25 of the SECOND COUNT of the complaint.

26.    Defendants deny the allegations of paragraph 26 of the SECOND COUNT of the complaint.

**THIRD COUNT:**    Assault and Battery

27.    Defendants reallege and incorporate by reference all their previous answers to allegations made in the complaint.

28.    Defendants deny the allegations of paragraph 28 of the THIRD COUNT of the complaint.

29.    Defendants deny the allegations of paragraph 29 of the THIRD COUNT of the complaint.

30.    Defendants deny the allegations of paragraph 30 of the THIRD COUNT of the complaint.

31.    Defendants deny the allegations of paragraph 31 of the THIRD COUNT of the complaint.

**FOURTH COUNT:**    Intentional Infliction of Emotional Distress

32.    Defendants reallege and incorporate by reference all their previous answers to allegations made in the complaint.

33.    Defendants deny the allegations of paragraph 33 of the FOURTH COUNT of the complaint.

34.    Defendants deny the allegations of paragraph 34 of the FOURTH COUNT of the complaint.

35.    Defendants deny the allegations of paragraph 35 of the FOURTH COUNT of the complaint.

36.    Defendants deny the allegations of paragraph 36 of the FOURTH COUNT of the complaint.

37.    Defendants deny the allegations of paragraph 37 of the FOURTH COUNT of the complaint.

**FIFTH COUNT:**    False Imprisonment

38.    Defendants reallege and incorporate by reference all their previous answers to allegations made in the complaint.

39.    Defendants deny the allegations of paragraph 39 of the FIFTH COUNT of the complaint.

40.    Defendants deny the allegations of paragraph 40 of the FIFTH COUNT of the complaint.

41.    Defendants deny the allegations of paragraph 41 of the FIFTH COUNT of the complaint.

**SIXTH COUNT:**    Negligence

42.    Defendants reallege and incorporate by reference all their previous answers to allegations made in the complaint.

43.    Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the SIXTH COUNT of the complaint and, therefore, neither admit nor deny said allegations, but call upon the plaintiff to prove them if material.

44.    Defendants deny the allegations of paragraph 44 of the SIXTH COUNT of the complaint.

45.    Defendants deny the allegations of paragraph 45 of the SIXTH COUNT of the complaint.

**SEVENTH COUNT:**    Negligent Infliction of Emotional Distress

46.    Defendants reallege and incorporate by inference all their previous answers to allegations made in the complaint.

47.    Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the SEVENTH COUNT of the complaint and, therefore, neither admit nor deny said allegations, but call upon the plaintiff to prove them if material.

48.    Defendants deny the allegation of paragraph 48 of the SEVENTH COUNT of the complaint.

49.    Defendants deny the allegation of paragraph 49 of the SEVENTH COUNT of the complaint.

**EIGHTH COUNT:**    Violation of Massachusetts Civil Rights Act, M.G.L. c. 12 § III

50.    Defendants reallege and incorporate by reference all their previous answers to allegations made in the complaint.

51.    Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the EIGHTH COUNT of the complaint and, therefore, neither admit nor deny said allegations, but call upon the plaintiff to prove them if material.

52.    Defendants deny the allegations of paragraph 52 of the EIGHTH COUNT of the complaint.

**NINTH COUNT:**    Agency: *Respondeat Superior*

53.    Defendants reallege and incorporate by reference all their previous answers to allegations made in the complaint.

54.    Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the NINTH COUNT of the complaint and, therefore, neither admit nor deny said allegations, but call upon the plaintiff to prove them if material.

55.    Defendants deny the allegations of paragraph 55 of the NINTH COUNT of the complaint.

## VII.  AFFIRMATIVE DEFENSES

56.    Further answering, defendants say that each and every count of the complaint is barred by the applicable statute of limitations.

57.     Further answering, defendants say that the plaintiff is estopped by her conduct, including previous testimony under oath, from recovery under any of the counts of the complaint.

58.     Further answering, defendants say that the plaintiff has waived recovery under any of the counts of the complaint.

59.     Further answering, defendants say that plaintiff is barred by her own contributory negligence from recovery under Counts IV, VI and VII of the complaint.

60.     Further answering, defendants say that this court lacks jurisdiction based on diversity of citizenship because the amount in controversy does not exceed Seventy-Five Thousand (75,000) Dollars, exclusive of interest and costs.

61.     Further answering, defendants say that each count of the complaint fails to state a claim upon which relief can be granted.

WHEREFORE, defendants request that the plaintiffs claims be dismissed; that the plaintiff be denied either compensatory or punitive damages; that plaintiff be denied Attorney's fees and costs, and that a judgment of dismissal be entered for the defendants be awarded reasonable Attorney's fees, interest, and costs and expenses of the litigation.

DEFENDANTS CLAIM A TRIAL BY JURY.

Respectfully submitted,

Defendants Dean F. Stanley
   and Cartwheels, Inc.

By their Attorney


/s/Earle C. Cooley
   Earle C. Cooley, BBO 097900
   Cooley Manion Jones LLP
   21 Custom House Street
   Boston, MA 02110
   Tel. 617-737-3100
   Fax 617-737-3113
   ecooley@cmj-law.com