```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

ABIGAIL WRINN                :    NO.:  01:05CV11393 (NMG)
    Plaintiff                :
                             :
v.                           :
                             :
DEAN F. STANLEY and          :
CARTWHEELS, INC.             :    DECEMBER 30, 2005
    Defendants
```

**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING**

**Date Complaint Filed:** On or about July 1, 2005, in the U.S. District Court for the District of Massachusetts.

**Date Complaint Served:** Complaint was served on or about July 20, 2005.

**Date of Defendants' Appearance:** All parties appeared on August 12, 2005.

Pursuant to FRCP Rules 16(b) and 26(f) and D. Mass. Local Rule 16.1, a conference was held on December 30, 2005. Counsel discussed a draft of this report on December 29, 2005. The participants were: David J. Wenc for the plaintiff and Earle C. Cooley for the defendants.

**I.   CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.  JURISDICTION**

   A.   Subject Matter Jurisdiction.

The plaintiff alleges that the Court has diversity jurisdiction because the plaintiff is a Connecticut resident, and the defendant, Cartwheels, Inc. is a Massachusetts corporation (now dissolved) with a principle place of business in Massachusetts while the defendant, Dean Stanley, is a Massachusetts resident.  The plaintiff alleges that the amount in controversy exceeds $75,000.00 while the defendants deny this.

   B.   Personal Jurisdiction.

There is no issue of personal jurisdiction because all

parties have entered appearances in this matter.

### III. BRIEF DESCRIPTION OF THE CASE

    A.   Claims of Plaintiff:

Defendant, Stanley, the owner of the defendant, Cartwheels, Inc., employed the plaintiff, Abigail Wrinn, on or about July 3, 2002. During a game of laser tag, the defendant, Stanley, sexually assaulted the plaintiff. The plaintiff suffered damages.

    B.   Defenses and Claims:

Defendants deny the claims of the plaintiff. In addition, the defendants assert affirmative defenses, namely statute of limitations, estoppel, waiver, contributory negligence, lack of jurisdiction based upon diversity of jurisdiction in that the amount in controversy does not exceed $75,000.00 and failure to state a claim upon which relief can be granted.

    C.   Defenses and Claims of Third-Party Defendant(s):

There are no third party defendants at this time.

### IV. STATEMENT OF UNDISPUTED FACTS

Counsels certify that they made a good faith attempt to determine whether there are any material facts that are not in

dispute. The parties state that the following material facts are undisputed:

    1.    Plaintiff is a resident of Connecticut.

    2.    Defendant, Cartwheels, Inc. is a Massachusetts corporation (now dissolved) and the defendant, Stanley, is a Massachusetts resident.

    3.    The plaintiff and the defendant, Stanley, were alone inside a tent when physical contact between them occurred.

**V.    CASE MANAGEMENT PLAN**

    A.    Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described below. The parties' initial disclosure shall be due on or before February 28, 2006.

    B.    Scheduling Conference with the Court.

The parties do <u>not</u> request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    C.    Early Settlement Conference.

        1.    The parties certify that they have considered

the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  At this time, an early settlement conference would <u>not</u> be helpful.

      2.   The parties do <u>not</u> request a referral for alternative dispute resolution at this time pursuant to D. Mass. Local Rule 16.4.

    D.   Joinder of Parties and Amendment of Pleadings.

      1.   Plaintiff and defendants should be allowed until March 31, 2006 to file motions to join additional parties and until March 31, 2006 to file motions to amend the pleadings. Notwithstanding, the defendants reserve their rights to assert defenses pertaining to the statute of limitations and/or other defenses.

    E.   Discovery.

1. The parties anticipate that discovery will be needed on the following subjects:

    a.   The facts of the alleged incident.

    b.   Cause of alleged incident.

    c.   Damages.

2. All discovery, including depositions of expert

witnesses pursuant to FRCP Rule 26(b)(4), will be commenced by April 1, 2006 and completed by January 15, 2007.

    3.    Depositions of fact witnesses.

        a.    The parties anticipate that the plaintiffs will require no more than a total of five depositions of fact witnesses and that defendant will require no more than a total of five depositions of fact witnesses.  The depositions will commence April 1, 2006 and completed by September 1, 2006.  This section contemplates "phased discovery" as provided in Local Rule 16.1(D) (1) (b).

    4.    The parties may request permission to serve more than 25 interrogatories.  Each party reserves the right to object to such request.

    5.    Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to FRCP Rule 26(a) (2) by October 1, 2006.  Depositions of any such experts will be completed by January 15, 2007.

6. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to FRCP Rule 26(a)(2) by March 15, 2007. Depositions of any such experts will be completed by June 1, 2007.

7. Plaintiff will provide a damage analysis by damages by October 1, 2006.

F. Dispositive Motions.

Dispositive Motions will be filed on or before July 1, 2007.

G. Joint Trial Memorandum.

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 60 days after rulings on all Dispositive Motions are received. In the event no Dispositive Motions are filed, the Joint Trial Memorandum shall be filed by September 1, 2007.

VI. TRIAL READINESS

The case will be ready for trial 75 days after rulings on all Dispositive Motions are received. In the event no

Dispositive Motions are filed, the case will be ready for trial by October 15, 2007.

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.  In the event complications unforeseen by the parties arise that require modification of the deadlines stated herein, counsel agree that a letter to the court stipulating agreed-upon extensions of these deadlines will suffice to extend such deadlines.

                                      PLAINTIFF,
                                      ABIGAIL WRINN

Date:   December 30, 2005        by /s/ David J. Wenc
                                      David J. Wenc
                                      Wenc Law Offices
                                      44 Main Street
                                      Windsor Locks, CT  06096
                                      (860) 623-1195
                                      (860) 292-6705 (Fax)
                                      E-mail: davidjwenc@wenclaw.com

```
                                        DEFENDANTS,
                                        DEAN STANLEY ET AL


Date:  December 30, 2005         by /s/ Earle C. Cooley
                                    Earle C. Cooley
                                 Cooley Manion Jones LLP
                                 21 Custom House Street
                                 Boston, MA 02110
                                 Tel. 617-737-3100
                                 Fax 617-737-3113
                                 E-mail: ecooley@cmj-law.com
```

### *CERTIFICATION*

I hereby certify that on this 30th day of December, 2005, I served a copy of the foregoing Report via CMECF and by U.S. Mail, first-class postage prepaid, to counsel for the defendants:

Earle C. Cooley
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 02110
Tel. 617-737-3100
Fax 617-737-3113
E-mail: ecooley@cmj-law.com


                                        /s/ David J. Wenc
                                        *David J. Wenc, Esq.*